SIDNEY KERN & CO. v. HARPER

(June 10, 1929. Opinion and Decree.)

Weiss, Yarrut and Stich, and Edward Dinkelspiel, of New Orleans, attorneys for plaintiff, appellee.

Andrew B. Booth, Jr., of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff sues for $496.09, the balance claimed to be due for goods sold and delivered. Defendant contends that he did not purchase the goods and that they were not delivered to him, but were secured by a friend of his, a Mr. Thomas R. Macy.

Defendant maintains that he accompanied Macy to the Louisville & Nashville freight shed, where plaintiff conducts a part of its business and introduced Macy to Sidney Kern, one of the partners comprising the plaintiff firm.

He testifies that he went with Macy merely for the purpose of introducing Macy to Kern and for the purpose of asking Kern whether he thought Macy could make a living selling potatoes and onions.

Plaintiff contends that Harper, defendant herein, called on him with Macy and arranged for the purchase of goods to be delivered either to him or to Macy, the understanding being that Harper would pay the bills.

Mr. Boeckelmann, a salesman for Kern & Company, testifies that he called on Harper several times with reference to payment and that Harper, at no time contended that he was not responsible for the debt, but at various times, promised to make payment, always asking for additional time.

It seems most peculiar that Harper should have found it necessary to accompany Macy to a conference with Kern for the purpose of asking Kern whether he thought Macy could make money selling onions and potatoes, and we are quite convinced that the real reason for that conference was to arrange for the purchase, on Harper's credit, of merchandise to be delivered to him or to Macy, for his account.

The trial court believed that the credit had been extended to Harper at Harper's request and, therefore, rendered judgment against him. Even if the evidence left us in doubt on this point we would be inclined to follow the well-known rule that the opinion of the trial court on a question of fact should not be reversed except in a case of manifest error.

During the pendency of this trial, plaintiff has been adjudicated bankrupt, and, on motion duly filed, T. J. Bartlette, trustee in bankruptcy of Sidney Kern & Company, has been made party plaintiff herein.

It is therefore, ordered, adjudged and decreed that the judgment appealed from be amended and made to read in favor of T. H. Bartlette, trustee in bankruptcy of Sidney Kern & Company, and, as thus amended, affirmed at the cost of appellant.